## THOMAS E. SUTER *v.* LAVINIA SUTER.

1. HUSBAND AND WIFE. *Domicile. Divorce.*

   The domicile of the husband is that of the wife. She cannot, to suit her convenience or pleasure, adopt a different home by refusing to reside in the domicile of his choice.

2. JURISDICTION. *Divorce. Domicile of wife.*

   A wife who, after temporary residence with the family in this state, remains here, and refuses to return to her husband in another state (where he has a domicile and place of business), unless he will buy a residence in their joint names, is not deserted, and she acquires no domicile in this state entitling her to maintain a suit for divorce and alimony.

FROM the chancery court of Harrison county.

HON. W. T. HOUSTON, Chancellor.

Bill by appellee against appellant for divorce, on the ground of desertion. Complainant also alleged that the defendant had treated her in a cruel and inhuman manner, but no specific acts of neglect or cruelty were shown, and no proof was taken on this ground.

Complainant alleged that she was a resident of Harrison county, Miss., and that the defendant resided in New Orleans, La. In his answer, the defendant denied that complainant was a resident of Harrison county, Miss., and averred that her residence was in the city of New Orleans, where he resided. He also denied the other allegations of the bill upon which the right to relief was sought. It was shown that the defendant owned certain property at Biloxi, Miss., which was used as a summer residence for himself and family; that in 1887 his leg was broken, and he was unable to carry on his business of a house and sign painter in the city of New Orleans, and, on account of this and sickness, his family was moved to the summer residence, the home in New Orleans being rented for the sake of

economy; that after his recovery he returned to New Orleans and resumed his occupation, and endeavored to have the complainant return and live with him, but that she refused to do this, and refused to let the children do so. It was further shown that, notwithstanding this, the defendant continued to pay bills for the support of the family. After answer filed and testimony had been taken, complainant applied for an allowance of temporary alimony and counsel fees. Proof was introduced for and against this application. The court excluded certain testimony of the defendant, and, on the testimony offered by complainant, entered an interlocutory decree in her favor for $100 counsel fees and $20 per month temporary alimony. From this decree defendant appeals.

Section 1562, code 1892, provides that wilful, continued and obstinate desertion for the space of two years shall constitute a ground for divorce. Section 1567 provides, among other things, that the chancery court shall have jurisdiction in suits for divorce where one of the parties was domiciled within this state when the action was commenced, and one or the other of them resided within this state for one year next preceding the commencement of the suit. The opinion contains a further statement of the facts, as found by the court from the record.

*Ford & Ford*, for appellant.

The charge of desertion is the only thing necessary to be considered in determining the right of appellee to alimony *pendente lite.* The court below endeavored to follow *Porter* v. *Porter*, 41 Miss., 116, and *McFarland* v. *McFarland*, 64 *Ib.*, 449, which laid down the rule that, in applications for alimony *pendente lite*, the court will not consider the merits of the cause. But, where the answer denies the allegations of the bill and avers the want of good faith in bringing the suit, the court will hear the proof, and, if satisfied of the want of sincerity in bringing the suit, it will refuse alimony.

Alimony *pendente lite* is not strictly a matter of right, but

is controlled by the discretion of the court. 2 Bish. on Mar. & Div., §§ 430, 936, 939. Here it is manifest that there was no desertion, and that the wife had no right to remain away from the domicile and place of business of her husband. The evidence shows that complainant knew, when she filed the bill, that she had no grounds upon which to maintain the suit, which, we submit, is not being prosecuted in good faith.

The court is without jurisdiction. Appellant's domicile is in Louisiana, and the domicile of the husband is that of the wife. 8 Gray (Mass.), 506; Schouler's Dom. Rel., §§ 37, 38, 39; 5 Am. & Eng. Enc. L., pp. 754, 868. It is only where the misconduct of the husband has driven the wife into another state, or where he has wrongfully abandoned her, and gone into another state, that she is permitted to have another domicile. *Cheever* v. *Wilson,* 9 Wall. (U. S.), 108. The court should have refused to entertain the suit.

*W. A. White,* for appellee.

That husband and wife may have separate domiciles for the purpose of suit for divorce, is well settled. *Cheever* v. *Wilson,* 9 Wall., 108; 2 Bish. on Mar., Div. & Sep., §§ 112, 120, 127; 5 Am. & Eng. Enc. L., p. 755; *Jones* v. *Jones,* 67 Miss., 195. Even the pendency of a plea to the jurisdiction does not take from the court the power to allow alimony *pendente lite.* 1 Am. & Eng. Enc. L., p. 475; 2 Bish. on Mar., Div. & Sep., 934. If a defendant, domiciled in another state, appears by an attorney, alimony may be decreed against him. 1 Am. & Eng. Enc. L., p. 468, note 3; 2 Bish. on Mar., Div. & Sep., §§ 79, 81.

The court properly refused to enter into an investigation of the merits of the cause on the hearing of the petition for alimony. *Porter* v. *Porter,* 41 Miss., 116; *McFarland* v. *McFarland,* 64 *Ib.,* 452; 2 Bish., 940. It is submitted that the evidence does not show that complainant abandoned the defendant. His conduct had been such as to justify the belief that he did not in good faith desire reconciliation, but wished to get

complainant off the homestead in order to sell it. While the husband has the right to select the domicile, he cannot exercise it in an arbitrary manner, but must have some respect for the rights of the wife. He must act in good faith. 1 Bish., §§ 1713, 1719; 9 Am. & Eng. Enc. L., 812. The fact that the husband paid small bills for the support of the family does not negative the charge of desertion. 1 Bish., § 1673.

It would have been proper to allow alimony *pendente lite*, even though the suit had been for alimony alone. *McFarland* v. *McFarland*, *supra;* *Buter* v. *Buter*, 8 L. R. A., 562. Had complainant so desired, she could have filed her bill for permanent alimony, and could have secured alimony *pendente lite*, without applying for divorce.

Woods, J., delivered the opinion of the court.

This is an appeal from a decree of the court below allowing alimony and counsel fees *pendente lite*, in proceedings instituted by a wife for divorce from her husband for desertion.

From the bill filed by the wife, and from her evidence offered in support of her application for alimony and counsel fees, it is perfectly certain that the home of the husband is in New Orleans, La.; and the domicile of the husband is that of the wife. From the same sources of information, it is clear that, shortly after the return of the husband from Biloxi to his business and home in New Orleans, he invited the wife to join him in their home in that city; that she was urged by Mr. Clarke to return to her husband and home, and declined to do so except upon condition of her husband's placing the title to the home in their joint names, in order to prevent any sale of the same by the husband without her consent; and that, in September, 1890, the husband wrote the wife, stating his inability to bear the double expense of their living separate, and calling her attention to her former refusal to go to New Orleans, where he was compelled to remain to make a living, and urging the wife to come to him with their children.

In his sworn answer, the husband states his efforts to have the wife return to him and his home, and avers his willingness to receive her now.

It is a mistake on the part of the wife when she declares that her homestead is in Biloxi.   Her domicile is that of her husband, and his is in New Orleans, and she cannot, to suit her convenience or pleasure, create a home distinct from her husband's, by refusing to reside in the domicile of his choice.

There is nothing in the case, as made by the wife, which constitutes this an exception to the general rule just announced. We have been unable to see any reasonable ground, suggested even by the wife's own showing, why she should not return to her husband's home and hers.

That the husband has sold the residence property in New Orleans since her refusal to return to New Orleans is of no concern whatever.   The ownership of a residence property is not a prerequisite to the selection of a domicile and the establishment of a home.

On the wife's showing, her bill and her application for alimony and counsel fees are a fraud upon the jurisdiction of the court.

*Reversed.*